CHANCERY.            Bowling, &c. vs Cobb, &c.

*Case* 72.          APPEAL FROM THE HART CIRCUIT.

### And Cobb *vs* Bowling, &c. and Churchill *vs* Cobb, on cross errors.

*Devises. Administrators. Interest.*

*April 14.*     JUDGE MARSHALL delivered the opinion of the Court.

The will to be construed.

BY the will of A. Burner, deceased, his whole estate, after payment of debts, is devised to his widow for life, provided she never marries, "but should she intermarry, then and at that time, an equal division takes place, both of the real and personal estate that she may have in possession at the time of her intermarriage;" one half is given to her at the time of her intermarriage, "to bequeath then, or at her death, to whom she pleases," and the other half to be equally divided between Isaac Burner and others named.

Up to the time of her intermarriage, Mrs. Burner was entitled to the whole of the property, real and personal, as tenant for life, to be enjoyed, (in the language of the will,) freely and without waste of property. She was, therefore, entitled to the hire of the slaves and the rent of the land up to that time, and from that time she was entitled to one half of the hire and rent, and also to one half of the money then on hand, to be hers absolutely. For it is evident that upon her marriage, the will gives her the full and absolute property in one half of the estate.

A devise of the whole of the estate of testator, after the payment of debts, to the widow for life, "but if she marry, then and at that time, an equal division takes place, both of the real and personal estate

As the interest of all the devisees was subject to the payment of debts, it was proper that Mrs. Burner's half should bear the burthen of one half of the debts and no more, and this result is produced by the manner in which the account is made up in the Commissioner's report and in the decree, except that after the Commissioner had ascertained the whole fund in the administrator's hands, by crediting him with all disbursements, and had thus, in effect, charged each disbursement proportionally

against all who were entitled to the estate, the decree again charges one half of several small disbursements, evidenced by vouchers from one to seven inclusive, upon Mrs. Burner's half. Her half is thus, in effect, charged with the whole of these items, when as they were not disbursed for her exclusive benefit, but were in fact charges against the whole estate, they had already been fully disposed of in crediting them to the administrator. The item of forty dollars paid to Mrs. Burner herself and credited to the administrator in his account with the estate, as per voucher 11, was properly disposed of in the decree, by charging Mrs. Burner's share with one half of that item.

*that she may have in possession at the time of her intermarriage, to bequeath then or at her death, to whom she pleases"—Held that the widow, up to the time of marriage, had the right to enjoy the whole estate, real and personal, after payment of debts.*

In distributing the funds in the administrator's hands between Churchill, who is entitled to Mrs. Burner's share, and Bowling and others, who are entitled to the other half, we perceive no other error but that already pointed out, and which having been assigned for error by Churchill, must be deemed a ground of reversal.

The Commissioner's report was excepted to by Cobb, for not allowing him credit for the amount of several notes taken by him for negro hire, and alledged to be uncollectable, by reason of the insolvency of the obligors, and also for not allowing him the full amount of a fee paid to an attorney, for attending to a suit in which the estate was deeply interested. And he assigns for error the overruling of these exceptions, and also the charge of interest against him, which, although contained in the Commissioner's report, was not excepted to in the Circuit Court.

*When debts to an estate are alledged to be lost by insolvency of the debtor, which were created by the administrator and no security taken, and they are charged to him in the Commissioner's report in the Circuit Court, and no proof of their loss without his neglect, this Court will not interfere.*

With regard to the notes alledged to be uncollectable, there is no evidence that the debts if lost, which does not satisfactorily appear, were lost without the fault of the administrator, and as he seems to have taken no security for the hire in the cases referred to, and does not establish any excuse for this neglect, the loss, if any, should fall on him.

With respect to the fee for which he claims credit, there being no evidence of the amount and precise nature of the services rendered, except that the fee was for appearing in this Court to defeat a claim against the estate for

*To authorize this Court to interfere and change an allowance made by the Circuit Court to an*

BOWLING, &c.
*vs*
COBB, &c.

adm'r. for attor-
ney's fees, proof
of the nature of
the services and
reasonablen e s s
of the fees
should appear in
the record.

$2,500, upon a note alledged by the administrator to have been forged; we should be at a loss to determine precisely the sum which should have been paid to the attorney. Nor indeed do we know of any other criterion for the case, but that the administrator should have acted in the employment of an attorney, as a prudent man of ordinary discretion, would have done in his own case. *Prima facie,* $100 allowed by the Commissioner would seem to be sufficient, and $250 charged by the attorney, and even $185 paid by the administrator, would seem to be too much. And although under the circumstances, we cannot determine that the amount paid, is sufficient evidence either of bad faith or of such wrecklesness as should certainly throw the loss on the administrator, yet as the disallowance of this sum of $85, even if

An allowance to
an adm'r. of 7
per centum on
charges, and 7
per cent.on cred-
its, in the Cir-
cuit Court, add-
ed to $390 allow-
ed by the County
Court upon re-
ceipts, with in-
terest added a-
mount to $4151
88. is unusual
and excessive,
unless intended
to cover extra
trouble and ex-
penses.

erroneous, is fully compensated by the unusual, and so far as we perceive, excessive allowance of seven per cent. upon the whole amount of charges, and also seven per cent upon the whole omount of credits in the administrator's accounts, which added to the previous allowance in the County Court settlement, make upwards of $390 commissions upon receipts which, with interest added, amounting only to $4,151 88, we are of opinion that if in other respects there be no error against the administrator, he has no just cause of complaint, and the decree should not be reversed for this error, if it be one.

Where an adm'r.
has kept the
fund unusually
long, and is
charged with in-
terest by the
Comm'rs. in the
Circuit Court,
and it is allowed
without excep-
tion to Comm'rs.
report, the infer-
ence by the court
will be, that it
was properly
charged.

Upon the subject of interest, we are of opinion, that as the administrator appears to have kept the estate in his hands for a period unusually and unnecessarily long, as the inference from the pleadings is, that he used the money as his own and made profit on it, and as his failure to except to the charge of interest in the report, if it is not an absolute waiver of the objection, tends to confirm the inference mentioned, and thus to establish the propriety of the charge, we cannot decide the decree to be erroneous on this point.

In the whole case, therefore, we perceive no available error except in deducting from Mrs. Burner's, that is, from Churchill's half of the sum remaining in the hands of the administrator, one half of the items in vouchers one to seven inclusive, after the whole of said items had

been credited to the administrator in ascertaining the balance in his hands. And this is an error only as between Churchill and the other parties claiming distribution or payment from the administrator.

Wherefore the decree is reversed upon this error assigned by Churchill, and the cause is remanded, with directions to correct the decree in this particular.

Upon the appeal the costs are decreed against the appellants, and on the cross errors, each party to pay their own costs.

*Morehead & Reed* for appellants; *Harlan & Craddock* for Cobb and Churchill.